### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| CARLOS K. WILLIAMS, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 2:05cv0134 AS |
| | ) | |
| CECIL K. DAVIS, | ) | |
| | ) | |
| Respondent | ) | |

### *MEMORANDUM OPINION AND ORDER*

On or about April 12, 2005, now slightly more than a year ago,  *pro se* petitioner, Carlos K. Williams, filed a petition seeking relief under 28 U.S.C. §2254.  The state court record has been filed and examined pursuant to the mandates of *Townsend v. Sain*, 372 U.S. 293 (1963).  This court especially appreciates the services of appointed counsel, Michael L. Parkinson.  This court held a hearing and oral argument with counsel present in Lafayette, Indiana on April 17, 2006, which has been extremely helpful.

At the outset, it needs to be noted that in twin unanimous decisions on the same day, the Supreme Court of the United States enunciated the basic respect that state proceedings are entitled to in this context.  *See Woodford v. Visciotti*, 537 U.S. 19 (2002), and *Early v. Packer*, 537 U.S. 3 (2002). *See also Bell v. Cone*, 543 U.S. 447 (2005), *reversing Cone v. Bell*, 359 F.3d 785 (6th Cir. 2004).  Most recently, *see Charlton v. Davis*, 439 F.3d 369 (7th Cir. 2006).

The Attorney General of Indiana argues for an application of the statute of limitations

under 28 U.S.C. §2244(d)(1). It needs to be remembered that this petitioner is entitled to the benefits of *Houston v. Lack,* 487 U.S. 266 (1988). When all things are considered, there remains some doubt as to whether there is an absolute application of the aforesaid statute of limitations. At the hearing, counsel for this petitioner submitted enough evidence to permit the very limited tolling permitted in this case under *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Certainly equitable tolling is not favored but given the minimal time involved here, this court believes it is much wiser and indeed safer to reach the merits of the case. In this regard, for most recent authority see *Day v. McDonough*, ___ U.S. ___ (April 25, 2006).

It is necessary to take note of the order of dismissal with prejudice entered by the Court of Appeals of Indiana on June 1, 2004. Also it is necessary to examine the published unanimous opinion of the Supreme Court of Indiana in *Williams v. State*, 749 N.E. 2d 1154, authored by Justice Sullivan and entered on June 28, 2001 in which all justices concurred.

Certainly the facts found by the highest court in the State of Indiana are entitled to a presumption of correctness under 28 U.S.C. §2254(e)(1). This petitioner has the burden of rebutting that presumption by clear and convincing evidence which he has failed to do.

The Attorney General of Indiana has advanced an argument with regard to the application of the one-year statute of limitations in the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1). The decision in *Newell v. Hanks,* 283 F.3d 827 (7th Cir. 2002) judicially fixes the effective date of AEDPA as April 24, 1997 so there is no question about the effective date of the one-year statute of limitations. As indicated, the

2

Supreme Court of Indiana entered its opinion above cited on June 28, 2001. This petitioner filed for post-conviction relief in the state trial court on December 12, 2001, and that was denied on June 3, 2003. As indicated, that decision was appealed to the Court of Appeals of Indiana which dismissed the appeal with prejudice on June 1, 2004.

Thereafter, this petitioner filed for a successive petition for post-conviction relief which the Court of Appeals of Indiana declined to grant on October 12, 2004. Looking at the original petition filed *pro se* by Carlos K. Williams, it is dated March 29, 2005, and he gets the benefit under *Houston v. Lack,* 487 U.S. 266 (1988) from that date on.

Since this petition was originally filed *pro se* and is only 13 days late, this court is entitled to consider the liberal intendments generally of *Haines v. Kerner*, 404 U.S. 519 (1972). *But see McNeil v. United States*, 508 U.S. 106 (1993). This court is well aware of the somewhat checkered judicial history of *Tinker v. Hanks*, 172 F.3d 990 (7th Cir. 1999), vacated by 531 U.S. 987 (2000), and reinstated in 255 F.3d 444 (7th Cir. 2001). The defendant acting *pro se* and later his appointed counsel make a considerable point out of a determination made under the Social Security Act with regard to some species of disability for this petitioner. This was considerably discussed by counsel in the proceedings in Lafayette, Indiana on April 17, 2006. Here, this court must consider whether that 13-day period can be the subject of equitable tolling under such authorities as *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), as well as *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004).

The Social Security Administration has described Carlos Williams as subject to

3

"mental retardation."  That was done on September 1, 1988.  Beyond any doubt, that determination made 18 years ago is a very slender reed to bottom equitable tolling.  The realities are that such only involves 13 days, and it is the determination of this court to be as generous as possible under *Haines* and give this petitioner, who was then acting *pro se*, the benefit of a very considerable doubt.  So this case will be decided on its merits.

It is basic and elementary that the claim for insufficiency of evidence is a difficult one even under the formulation of *Jackson v. Virginia*, 443 U.S. 307 (1979).  The opinion and decision of the Supreme Court of Indiana is certainly entitled to a very considerable respect here especially under *Woodford* and *Early*.  Considered on the merits and under the authority of *Jackson*, as well as this pair of 2002 Supreme Court decisions, this court determines that there is no merit to the claim with regard to insufficient evidence.

A major issue is outlined here asserting ineffective assistance of trial counsel under *Strickland v. Washington*, 466 U.S. 668 (1984).  It is more specifically charged that this trial counsel had a natural conflict of interest.  *See Cuyler v. Sullivan*, 446 U.S. 335 (1980), and *United States v. Lowry*, 971 F.2d 55 (7th Cir. 1992).  Certainly given the omniscience of 20-20 hindsight, it would have been better if the state trial judge had entered into the process.  This court is reminded of a somewhat similar situation in *Ross v. Heyne*, 483 F.Supp. 798 (N.D. Ind. 1980), *aff'd in part, rev'd in part and rem.*, 638 F.2d 979 (7th Cir. 1980).

Having revisited the teaching of the Court of Appeals, there are strong concerns here regarding a possible conflict of interest of defense counsel.  *Ross v. Heyne* is a binding

4

precedent that cannot be gainsaid here.  This court has no intention of repeating its mistake

of 26 years ago, so this court must grant relief under 28 U.S.C. §2254 conditioned on the

State of Indiana conducting a new trial within six (6) months.  **IT IS SO ORDERED**

    **DATED:**  April 28, 2006

                        _____**S/ ALLEN SHARP**_____
                        **ALLEN SHARP, JUDGE**
                        **UNITED STATES DISTRICT COURT**